RECEIVED
SDNY DOCKET UNIT
2016 OCT 31 AM 11:53

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

Rashawn Vassell

NOTICE OF MOTION

HARSH CONDITIONS

DOCKET No.: S1:12-CR-626

---

**UNDER #3553(a)**, The District Court can consider Harsh Conditions of the defendant's pre-trial confinement. Which may be meritorious for a downward departure. The Westchester County Department of Corrections, (W.C.D.O.C.), Old Jail, (O.J.) is a facility which is harsh and inhumane and thus warrants consideration for a departure.

The Second Circuit also has upheld the District Court's decision in departing downwardly on the grounds of harsh confinement at (W.C.D.O.C.), (O.J.) in a pre-trial and pre-sentencing setting. See **United States v. Mendola, S2 03 Cr. 449 (KMW)** Honorable Judge Kimba Wood took into consideration Mendola's harsh confinement at (M.C.C.), and departed 10 months from his final sentence. See also **United States v. Mateo, 229 F. Supp. 2nd 201, 212 (SDNY 2004)**, see also **United States v. Hernandez Santiago, 92 F.3d 97, 101 n.2 (2d Cir. 1996)**, to which the court departed three levels based on 22 months of harsh confinement in the United States facility. See also **United States v. Lara, 90 F.2d 599 (2nd Cir. 1990)** in which the court departed from guideline of 121-151 months to 60 months taking into consideration in part, the defendant's harsh confinement during pre-trial and pre-sentence.

The harshness of __Mr. Vassell's__ confinement bears on sentencing in so far as one of the purposes of sentencing is to afford just punishment for the offense and respect for the law 18 U.S.C. #3553(a)(1). Since his arrest on __11-5-12__, a period of __10__ months and __0__ days when he is to be sentenced. Mr. __Rashawn Vassell__, has been continually confined in a County/Federal, pre-trial facility at (W.C.D.O.C.), (O.J.). The facility is not designed for long term stays. See **United States v. Berh, 2006 WL 1586563*5 (SDNY 2006) (Sweet, J.)**, further noting that Harsh Conditions were recognized by Judge Kimba Wood as a basis for subtantial sentence reduction. Pre-trial prisoners movements are severly resticted at all times. They have little opportunity to participate in social programs, very limited access to personal development programs, excercise, physical training or recreation, and almost no chance to be outdoors. The prisoners/federal pre-trial detainees are locked in their cells at the Old Jail, (O.J.) of the (W.C.D.O.C.), between 18 to 21 hours per day, whereas the (New Jail) N.J. also of (W.C.D.O.C.) was originally designed to house and detained federal pre-trial prisoners and is supposedly being funded by the U.S. Justice Department. The County Jail Guards are in the care, custody and control of these federal pre-trial detainees, not (B.O.P.), Bureau Of Prisons. The federal/county detainees that are pretrial are all housed together in the same area through out the entire three facilities at the (W.C.D.O.C.), especially in the (O.J.). We are also rarely allowed to take showers/hygiene, phone calls are also minimal this is only allowed when we are released from our cells to a dayroom area, on the choice of the jail guard assigned to the housing area.

The Supreme Court recognized that because pre-trial confinement is administrative, as opposed to judicial form of detention. The confinement is to the level of punishment. See **Bell v. Wolfish, 441 U.S. 520, 537 (1979).** Judge Weinstein of the Eastern District observed, "The inevitable consequences of pre-trial incarceration, particularly when prolonged beyond a short period, are undeniably severe." **Untied States v. Gallo, F. Supp. 320, 336 (EDNY 1986).**

At (W.C.D.O.C.), Westchester County Department Of Corrections, (O.J.), Old Jail, the pre-trial detainees are in a housing unit consisting of 30 detainees, 15 prisoners per tier. Improper eating conditions, detainees must eat inside the cells, 90 percent of the meals that are served are warm or cold. The tiers have faulty ventilation systems, it is next to impossible to maintain sanitary living conditions. In **Gaston v. Coughlin, 249 F.3d at 164-65 (2d Cir. 2001),** the second Circuit held that rodent infested units are cruel and unusual punishment. Chief Justice Jack Weinstein, also determined that inhumane conditions and lenthly pre-sentence detention conditions amounted to due process violation and therefore is punishment. Judge Weinstein concluded that those subjected to the hardship of lenght by pre-sentence detention under Harsh Conditions may therefore be meritorious of departure, saying "We can not measurably alter the conditions of pre-trial and pre-sentence detention consistent with it's limited purposes, but we can alter the lenght of incarceration.

**United States v. Carty, 264 F.3d 191 (2d Cir. 2001).** The unusual Harsh Conditions at (W.C.D.O.C.), are conditions which deprive pre-trial detainees of Constitutional Rightd and have not kept up with contemporary standards of decency and represents substantially Harsher Conditions from the conditions the defendant would have experienced if he had designated at a Federal Prison Camp or a low security. In other words, during the period that defendant has been incarcerated, he has been punished more than a similarly situated offender who serves the same sentence at a minimum security prison.

Pre-Booker, the second circuit held that, "Pre-Sentence confinement conditions may inappropriate cases be a permissble basis for a downward departure." See **United States v. Francis, 129 F.2d 612 (SDNY), (Patterson, J.).** Departing one level because of Harsh Conditions of pre-trial confinement.

As for the "General Rule Book", issued to all new admissions/pre-trial detainees at (W.C.D.O.C.), it clearly violates "The Equal Protection Clause." The purpose of the Equal Protection Clause of the 14th Amendment (FN1), is to secure everyperson within a states jurisdiction against intentional and arbitrary discrimination whether occasioned by the express terms of a statue or by it's improper execution through duly constituted agents. (FN2). The Equal Protection Clause creates no substantive rights but rather it embodies the general rule that states must treat like cases

(FN3)(unduly discriminatory)(FN6) A successful disparate treatment claim requires showing that:(1) the claimant/detainee was similarly situated to others and received different treatment from those persons: meaning the Harsh Conditions at (W.C.D.O.C.), (O.J.) are totally unequal and unfair, comparing the New Jail, (N.J.), and also the Penitentiary, (Pen.), the federal detainees/pre-trial are also housed together with County sentenced and non-sentenced at the (Pen.).

On these grounds it is respectfully requested that the defendants harsh pre-trial and pre-sentence confinement be taken into consideration as did the Honorable Kimba Wood and other District Judges, and to grant a departure to #3553(a).

<u>PRE-TRIAL AND PRE-SENTENCING HARSH CONFINEMENT CONDITIONS AT
WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, (W.C.D.O.C.), OLD JAIL, (O.J.)</u>

EXHIBIT "A"

SANITARY CONDITIONS:

Lack of maintenance of toilets and sinks.

A.) Days where toilets are unusable due to jail guards turning off the water from behind the cell.

  1. Prisoners/Detainees forced to relieve themselves of waste then are not able to flush the toilet because it deliberately shut of by the jail guards.

  2. Toilets are one (1) feet away from the bed.

  3. Urine splashes on to the floor due to improper amounts of water in the toilet.

Shower stall with no shower head or regulator.

A.) Shower curtain rarely replaced. Damaged, torn and covered in gunk.

  1. Torn curtains allow water out of the shower, making the tier floor slippery and dangerous.

  2. Water pressure strong enough to break blood vessels, leaving welts on ones chest and back.

Lack of Sanitary and Cleaning Supplies.

A.) Toilet paper issued once per week.

  1. Periods of almost 3 weeks of no toilet paper issued occur annually.

Cleaning supplies rarely issued for in-tier sanitary needs

  1. No rubber gloves issued for cleaning bathrooms, leaving one open to fecal any urinary waste when trying to maintain a sanitary living space.

  2. Prisoners/Detainees are also left with dirty mop heads for weeks, festering with grime and disease.

<u>PRE-TRIAL AND PRE-SENTENCE HARSH CONFINEMENT AT WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, (.C.D.O.C.), OLD JAIL, (O.J.)</u>

Exhibit "B": Comparative Analysis between maximum security facility, (W.C.D.O.C.), and other facilities or Bureau Of Prisons, (B.O.P.), of different security levels.

Subject; Analysis: Visitation Hours Permitted

| FACILITY NAME | WEEKLY | MONTHLY | ANNUALLY |
|---|---|---|---|
| 1. W.C.D.O.C., Westchester, N.Y. | 1-Hour | 4-Hours | 52-Hours |
| 2. Camp, (B.O.P.), Danbury, Ct. | 16-Hours | 64-Hours | 832-Hours |
| 3. Low Security Prison | 16-Hours | 64-Hours | 832-Hours |
| 4. Medium Security Prison | 16-Hours | 64-Hours | 832-Hours |
| 5. High Security Prison | 16-Hours | 64-Hours | 832-Hours |
| Comparison Total: | 15-Hours | 60-Hours | 780-Hours |
| Percentage Analysis: | 1500% | 1500% | 1500% |

The Visiting Procedure, here at W.C.D.O.C., is not only Harsh but Horrendous! Not only can you spend an hour with your loved ones, but you cannot hold or touch your child or spouse. Where in the (B.O.P.), for detainees, they are allowed to hold hands, hold your children and loved ones , then once the visits are done, the humiliation begins with the strip searches, including cavity searches, the use of flash lights by the jail guards to look at the detainees body then at the same time comes the verbal, sexual harrassment, total mistreatment by the county jail guards towards federal pre-trial detainees.

1. Visitors are unable to use the restrooms and thoroughly begin searching upon entrance into the facility.

2. No vending machines for the visitors and detainees like the other (B.O.P.), facilities for federal detaineess

5